## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LINCOLN LEE, No. R70958, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 13-cv-00190-MJR |
| | ) | |
| MAIL ROOM CLERK(S), | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Lincoln Lee, an inmate in East Moline Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on incidents that occurred while Plaintiff was housed at Lawrence Correctional Center.   This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

>> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

>> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible

on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint

is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009).  Although the Court is obligated to accept factual allegations as true,

*see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so

sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v.*

*Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, Courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.*  At

the same time, however, the factual allegations of a pro se complaint are to be liberally

construed.  *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint and any supporting exhibits, the Court finds

it appropriate to exercise its authority under § 1915A; portions of this action are subject to

summary dismissal.

**The Complaint**

In his complaint (Doc. 1), Plaintiff contends that on eight separate occasions the

Lawrence Correctional Center Mail Room Clerk (or clerks, as the case may be) opened and read

his incoming "legal/privileged mail" outside of his presence.  Plaintiff further indicates that there

is an ongoing retaliatory pattern of interfering with his incoming and outgoing mail.  Plaintiff

sues the Mail Room Clerk in his individual and official capacities.  Declaratory and injunctive

relief is sought, as well as compensatory and punitive damages, costs and attorney's fees.

Based on the allegations of the complaint and the attached exhibits, the Court

finds it convenient to divide the pro se action into ten counts.  The parties and the Court will use

these designations in all future pleadings and orders, unless otherwise directed by a judicial

officer of this Court.  The designation of these counts does not constitute an opinion as to their

merit.

Count 1:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from Loevy &
Loevy on July 24, 2012, in   violation of the First,
Fourteenth and Sixth Amendments;

Count 2:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Illinois
State Police on August 14, 2012, in violation of the First,
Fourteenth and Sixth Amendments;

Count 3:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Chief
Deputy Clerk on August 21, 2012,  in violation of the
First, Fourteenth and Sixth Amendments;

Count 4:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the United
States District Court for the Southern District of Illinois
on August 24, 2012,  in violation of the First,
Fourteenth and Sixth Amendments;

Count 5:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Clerk of
the Circuit Court, Kankakee County, on September 25,
2012,  in violation of the First, Fourteenth and Sixth
Amendments;

Count 6:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Illinois
State Police on October 10,  2012,  in violation of the
First, Fourteenth and Sixth Amendments;

Count 7:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Clerk of
the Circuit Court, Kankakee County, on November 1,
2012,  in violation of the First, Fourteenth and Sixth
Amendments;

Count 8:        Against Defendant Mail Room Clerk for interfering
with Plaintiff's legal/privileged mail from the Clerk of
the Circuit Court, Kankakee County, on November 1,

2012, in violation of the First, Fourteenth and Sixth
Amendments;

Count 9:      Against Defendant Mail Room Clerk for engaging in a
pattern and practice of interfering with Plaintiff's mail
in violation of the First Amendment; and

Count 10:     Against Defendant Mail Room Clerk for retaliating
against Plaintiff by interfering with his mail, in
violation of the First Amendment.

## Discussion

Under certain circumstances, prison officials opening an inmate's incoming or outgoing mail can implicate constitutional rights under the First, Fourteenth and Sixth Amendments. *See Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). As summarized in *Kaufman v. McCaughtry*, 419 F.3d 678, 685-686 (7th Cir. 2005):

> Inmates have a First Amendment right both to send and receive mail, *Rowe v. Shake,* 196 F.3d 778, 782 (7th Cir. 1999), but that right does not preclude prison officials from examining mail to ensure that it does not contain contraband, *Wolff v. McDonnell,* 418 U.S. 539, 576, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974); *Rowe,* 196 F.3d at 782. An inmate's legal mail, however, is entitled to greater protections because of the potential for interference with his right of access to the courts. *Rowe,* 196 F.3d at 782. Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence. See *Wolff,* 418 U.S. at 577, 94 S.Ct. 2963; *Castillo v. Cook County Mail Room Dep't,* 990 F.2d 304, 305-06 (7th Cir.1993).

Correspondence to and from an attorney, including efforts to retain counsel, are generally protected under the constitution. *Guajardo-Palma*, 622 F.3d at 802-3. Correspondence with courts and government agencies may be privileged, but usually involves public matters not entitled to constitutional protection. *Id.* at 804.

Consistent with *Wolff*, 20 Ill. Adm. Code § 525.110 designates "legal mail" as being "privileged mail," and Sections 525.130 and 525.140 dictate that such mail must be clearly

marked as "privileged."    Again, consistent with *Wolff*, privileged mail may be opened in the presence of the inmate.  *See also Guajardo-Palma*, 622 F.3d at 804; *Kaufman*, 419 F.3d at 686; *Martin v. Brewer*, 830 F.2d 76, 77-8 (7th Cir. 1987).  It must be noted, however, that the fact that state regulations classify a type of correspondence as "legal" or "privileged" does not afford that correspondence constitutional protection.  The failure of prison officials to follow state rules or administrative regulations does not give rise to a constitutional claim. *Pasiewicz v. Lake Cnty. Forest Preserve Dist.,* 270 F.3d 520, 526 (7th Cir. 2001); *Archie v. City of Racine,* 847 F.2d 1211, 1217 (7th Cir. 1988) (en banc), *cert. denied,* 489 U.S. 1065 (1989) (a federal court does not enforce state law or regulations).

  A practice of reading privileged, legal mail is usually sufficient to demonstrate a constitutional hindrance.  *Guajardo-Palma*, 622 F.3d at 805.  Similarly, "a continuing pattern or repeated occurrences" of the denial or delay of *even* non-legal mail may give rise to a constitutional claim.  *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987)).

  Photocopies of the relevant envelopes are attached to the complaint (except relative to Count 3, which is not legible).  Based on the envelopes and the allegations in the complaint, Counts 3, 4, 5, 7 and 8 shall proceed.  These five pieces of incoming mail were sent from state and federal courts and the envelopes are marked indicating "legal mail" or "special mail."    Although mail from the Court is most often within the public domain, some correspondence from the Court is privileged, e.g.,  ex parte matters.  See *Guajardo-Palma*, 622 F.3d at 804.

Count 1 pertains to mail with a return address for the law firm Loevy & Loevy, but it is not marked as legal mail or privileged mail, so it falls outside of the protection afforded under *Wolff*. Plaintiff makes no allegations that would afford this mail constitutional protection. Therefore, Count 1 shall be **DISMISSED** without prejudice.

Counts 2 and 6 pertain to mail sent from the Illinois State Police, marked "CONFIDENTIAL To Be Opened by Addressee Only." Although incoming mail from the Illinois State Police is deemed "privileged mail" under 20 Ill.Admin.Code § 525.110(f)(8), that is not dispositive of constitutional protection. The "confidential" label is also not dispositive. The complaint does not otherwise suggest that this mail is tied to Plaintiff's constitutional right to access the courts or Plaintiff's criminal prosecution. Therefore, Counts 2 and 6 will be **DISMISSED** without prejudice.

The allegation in Count 9 regarding a general pattern and practice of interfering with Plaintiff's mail in violation of the First Amendment is too vague to state a claim under the *Twombly* pleading standard. It is not at all clear that Plaintiff meant this as a separate claim, as opposed to a mere comment. Therefore, Count 9 shall be **DISMISSED** without prejudice.

Count 10 is based upon Plaintiff's comment that, "There seems to be an ongoing retaliatory[,] malicious/bad intent with the handling of Plaintiff[']s outgoing and incoming regular mail at the hands of the mail room clerk(s)." (Doc. 1, p. 7, ¶ 10). This allegation does not satisfy the *Twombly* pleading standard and is **DISMISSED** without prejudice.

The Court notes that Plaintiff is unaware of the name of the Mail Room Clerk, or whether there is more than one person with that title. The Court of Appeals for the Seventh Circuit has cautioned that, where a prisoner plaintiff is not in a position to adequately investigate in order to determine which individuals were responsible for the violation of his constitutional

rights, the district court may, under certain circumstances, have a duty "to assist him, within reason, to make the necessary investigation." *Santiago v. Walls,* 599 F.3d 749, 763–64 (7th Cir. 2010) (quoting *Billman v. Ind. Dep't of Corr.,* 56 F.3d 785, 789–90 (7th Cir.1995)). The *Billman* court noted that a prisoner's "initial inability to identify the injurers is not by itself a proper ground for the dismissal of the suit. Dismissal would gratuitously prevent him from using the tools of pretrial discovery to discover the defendants' identity." *Billman,* 56 F.3d at 789.

Plaintiff has indicated that his request for the name(s) of the Mail Room Clerk(s) has gone unanswered. Furthermore, Plaintiff is no longer housed at Lawrence Correctional Center. The Court will proceed under the assumption that there is a single Mail Room Clerk. If service of summons and the complaint cannot be accomplished without an individual's name, upon motion by Plaintiff early discovery may be appropriate.

Plaintiff sues the Defendant in his official and individual capacities. Liability under Section 1983 requires a defendant's personal involvement in the alleged constitutional violation. *See Pepper v. Village of Oak Park,* 430 F.3d 809, 810 (7th Cir. 2005); *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003). With respect to official capacity claims, the Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). More to the point, the Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001). Therefore, Plaintiff's claim for damages against the Defendant in his official capacity must be **DISMISSED** with prejudice.

In certain circumstances it is appropriate to seek injunctive relief against a prison official in his official capacity. However, because Plaintiff is no longer housed at Lawrence Correctional Center, the claims for injunctive and declaratory relief are moot. *See Calhoun v.*

*DeTella*, 319 F.3d 936, 939 (7th Cir. 2003) (transfer from one facility to another renders claims for declaratory and injunctive relief moot).  Consequently, Plaintiff's claims for declaratory and injunctive relief shall all be **DISMISSED** without prejudice, leaving only individual capacity claims.

**<u>Disposition</u>**

For these reasons, **COUNTS 1**, **2**, **6**, **9** and **10** are **DISMISSED** without prejudice.

**COUNTS 3**, **4**, **5**, **7** and **8** against **DEFENDANT MAIL ROOM CLERK** in his/her individual capacity shall **PROCEED**.  However, Plaintiff's claim for damages against the Defendant in his official capacity must be **DISMISSED** with prejudice, and claims for declaratory and injunctive relief are **DISMISSED** without prejudice.    Consequently, only individual capacity claims remain at this juncture.

The Clerk of Court shall prepare for Defendant **MAIL ROOM CLERK**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant is no longer at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

If service of summons and the complaint cannot be accomplished without an individual's name, upon motion by Plaintiff early discovery may be appropriate.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Stephen C. Williams for further pre-trial proceedings, which shall include a determination on the pending motion for appointment/recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Stephen C. Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 19, 2013**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**